## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1538 | **DATE** | March 31, 2008 |
| **CASE TITLE** | U.S. ex rel. Reginald Brewer (#2007-0062617) v. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion to file *in forma pauperis* [3] is granted. The Court summarily dismisses the petition for a writ of habeas corpus without prejudice for failure to exhaust state remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Clerk is directed to send a copy of the petition to the Chief of Criminal Appeals along with a copy of this order.

■ [For further details see text below.]                                            Docketing to mail notices.

---

## STATEMENT

Petitioner Reginald Brewer brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of possession of a controlled substance on June 18, 2007, and sentenced to 13 months' felony probation after a plea of guilty. Petitioner did not appeal to the Illinois Appellate Court or file any collateral proceedings with the trial court.

An inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982).

Moreover, to avoid procedural default, a habeas corpus petitioner must present fully and fairly his federal claims to the state courts before he may obtain federal review of those same claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999).

Petitioner has not made any attempt either to appeal his conviction directly or to file any collateral proceedings, such as a petition for post-conviction relief. Petitioner may not bring a federal habeas corpus petition until he has fully and fairly presented his claims to the state courts.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

## STATEMENT

The Court advises Petitioner that Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period tolls while "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. ..." In order to toll the statute of limitations, a post-conviction petition must be "properly filed," which means it must comply with formal filing requirements, such as the "form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Petitioner therefore should file his federal habeas corpus petition as soon as possible after his state remedies are completed so that he files within the statute of limitations.

Accordingly, finding Petitioner indigent the Court grants his motion for leave to file *in forma pauperis*. After preliminary review, the Court summarily dismisses the petition for a writ of habeas corpus without prejudice for failure to exhaust state remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases.